UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GWENDOLYN WALKER SMITH, et al.,

Plaintiffs,

v.

BREAKTHROUGH INTERNATIONAL, et al.,

Defendants.

Case No.  12-cv-01832-JST

**ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Re: ECF No. 31

## I.    INTRODUCTION

Defendant Breakthrough International, Inc. ("Breakthrough") has moved to dismiss Plaintiffs Gwendolyn Walker Smith and Zeus Harrison Smith's ("Plaintiffs") First Amended Complaint ("FAC") for lack of subject matter jurisdiction, among other reasons.  Notice of Motion and Motion to Dismiss Plaintiffs' First Amended Complaint ("Mot."), ECF No. 31.  The Court finds that this matter is suitable for disposition without oral argument, pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b).  Since the Court is not satisfied that it has subject matter jurisdiction over this matter, it hereby DISMISSES the FAC WITHOUT PREJUDICE, subject to Plaintiffs filing a sworn affidavit attesting to their state citizenship on April 12, 2012.  Without such an affidavit, the Court is likely to dismiss the case with prejudice.

## II.    BACKGROUND

### A.    Procedural and Factual Background

On April 12, 2012, Plaintiffs Gwendolyn Smith and Zeus Harrison Smith ("Plaintiffs") filed a complaint ("the Complaint") against Defendants Howard Elan, Reverend Oracle, and Breakthrough, alleging violations of the U.S. and California constitutions, alleging violation of the federal Electronic Communications and Privacy Act ("ECPA"), 18 U.S.C. § 2511, and raising

United States District Court
Northern District of California

several state tort causes of action.  ECF No. 1.  The Court granted Plaintiff Gwendolyn Smith's

application to proceed *in forma pauperis*, but also dismissed the Complaint without prejudice

under the screening procedures in 28 U.S.C. § 1915(e)(2)(B).  ECF No. 12.[1]  The Court held that

the Complaint failed to state any claim against Breakthrough, that Plaintiffs' ECPA claim was

time-barred, that the Complaint failed to invoke the Court's subject matter jurisdiction in the

absence of the ECPA claim, and further finding that that the Complaint failed to allege sufficient

facts to state any claim except defamation, false light, and intentional infliction of emotional

distress.  Id.  The Court granted Plaintiffs leave to file an amended complaint, but noted that

Plaintiffs asserted Oregon citizenship while at the same time listing a Sebastapol, California

address on the Court's electronic case filing system.  Id.  The Court ordered Plaintiffs "to submit

an affidavit, under oath, attesting to their true residency," in any amended complaint.  Id.

        In October 2012, Plaintiffs filed the FAC.  ECF No. 16.  In the FAC, Plaintiffs allege that

they are both residents of Portland, Oregon, and are citizens of the State of Oregon.  FAC, at ¶ 1.

The FAC asserts that "[p]ursuant to, at a minimum, Cal. Civ. Pro § 410.10 [sic], the Court has

jurisdiction under the provisions of 28 U.S.C. § 1332."  Id. at ¶ 5.  The FAC's caption lists the

Defendants as "Breakthrough International, d/b/a Straighttalknews.org, d/b/a Howard Elan and

Reverend Oracle, Defendants."  Id.  The FAC lists four causes of action: "Invasion of Privacy -

Physical Intrusion on Solitude And/Or Private Affairs, in Violation of Federal and State

---

[1] This and other previous orders in this case were issued by Magistrate Judge Spero, to whom this case was initially assigned.  Plaintiffs consented to proceed before a Magistrate Judge, but Breakthrough never did.  See ECF Nos. 8, 9 & 32.  However, a party can "impliedly consent" to a Magistrate Judge's authority through its actions even if does not expressly consent.  See Roell v. Withrow, 538 U.S. 580, 590 (2003); Wilhelm v. Rotman, 680 F.3d 1113, 1119-20 (9th Cir. 2012). Here, Breakthrough filed a motion to dismiss before Judge Spero, without objecting to his authority to hear the case, and relied on orders he had previously issued in its brief.  ECF No. 31. Therefore, for the purposes of summarizing the case's current posture, the Court assumes that Breakthrough had previously impliedly consented to the authority of a Magistrate Judge to hear the case.  After Judge Spero recused himself in March, the case was reassigned to this Court, and this Court ordered Breakthrough to state whether it would consent to proceed before a Magistrate Judge.  ECF No. 45.  At that point, Breakthrough declined to consent.  ECF No. 46.  The Court construes this declination as a refusal to be reassigned *back* to a Magistrate Judge rather than a renunciation of a Magistrate Judge's authority to decide any aspects of the case.  To be clear, this presumption, while helpful to summarizing the case history, does not alter the Court's conclusion. Even if it disregarded all of the orders issued by Judge Spero in this case, this Court would find that Plaintiffs have failed to properly satisfy their burden to allege subject matter jurisdiction. Neither the initial complaint nor the FAC meets that burden.

1    Constitutions and 18 U.S.C. § 1702," "Defamation and Defamation Per Se," "False Light," and

2    "Conspiracy to Defame."  Plaintiffs did not file the affidavit that the Court ordered them to file,

3    but in November 2012, they filed a notice of change of address, stating that "as of October 10,

4    2012," they were no longer receiving mail at their Sebastopol address, and submitting a new

5    Portland, Oregon address.  ECF No. 22.

6         In granting Plaintiff Zeus Harrison Smith's separate application to proceed *in forma*

7    *pauperis*, the Court dismissed the FAC's first and fourth causes of action with prejudice, finding

8    that the first was time-barred and that the fourth did not state a legal claim.  ECF No. 25.

9         Defendant Breakthrough moves to dismiss on the grounds that Plaintiffs have failed to

10   meet their burden of establishing that the Court has subject matter jurisdiction over the case, that

11   the FAC does not allege cognizable claims against Breakthrough, and that the remaining claims

12   are time-barred.  Mot.

13        **B.      Legal Standards**

14        A party may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to

15   Federal Rule of Civil Procedure 12(b)(1).  "[I]f the court determines at any time that it lacks

16   subject-matter jurisdiction, it must dismiss the action."  Fed. R. Civ. Pro. 12(h)(3).   "The burden

17   of establishing . . . [a federal court's jurisdiction] rests upon the party asserting jurisdiction."

18   Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

19        Federal district courts have original jurisdiction over "all civil actions where the matter in

20   controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

21   . . . citizens of different States."  28 U.S.C. § 1332(a).  This statute requires "complete diversity of

22   citizenship," such that "the citizenship of each plaintiff is diverse from the citizenship of each

23   defendant."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  A "natural person's state

24   citizenship is . . . determined by her state of domicile, not her state of residence."  Kanter v.

25   Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent

26   home, where she resides with the intention to remain or to which she intends to return."  Id.  "[A]ll

27   challenges to subject-matter jurisdiction premised upon diversity of citizenship [are measured]

28   against the state of facts that existed at the time of filing," and a party's subsequent change of

United States District Court
Northern District of California

3

1  citizenship cannot cure a lack of diversity which existed at the time of filing.  Grupo Dataflux v.

2  Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004).

3         "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free

4  to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual

5  disputes where necessary."  Carijano v. Occidental Petroleum Corp., 686 F.3d 1027, 1032 (9th

6  Cir. 2012) (quoting Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983)).  "In such

7  circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence

8  of disputed material facts will not preclude the trial court from evaluating for itself the merits of

9  jurisdictional claims.'"  Augustine, 704 F.2d at 1077 (quoting Thornhill Publishing Co. v. General

10  Telephone Corp., 594 F.2d 730, 737 (9th Cir. 1979).  Without satisfying itself that it has subject

11  matter jurisdiction, a court may not proceed to the merits of the case.  See Steel Co. v. Citizens for

12  a Better Env't, 523 U.S. 83, 94-95 (1998) ("[t]he requirement that jurisdiction be established as a

13  threshold matter 'spring[s] from the nature and limits of the judicial power of the United States'

14  and is 'inflexible and without exception.'") (quoting Mansfield, C. & L.M.R. Co. v. Swan, 111

15  U.S. 379, 382 (1884)).

16         "Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the

17  rules of procedure."  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

18  **III.    DISCUSSION**

19         The only jurisdiction Plaintiffs assert over their remaining claims is diversity jurisdiction.

20  FAC, at ¶ 5.[2]  On the basis of the available evidence, this jurisdiction is very much in question.

21  Although the FAC does not explicitly identify the citizenship of Breakthrough, the Court

22  construes it as asserting that Breakthrough is a California citizen, a fact which Breakthrough does

23  not dispute.  See FAC at ¶ 2; Mot. at 8:12-15.  Therefore, to invoke diversity jurisdiction, both

24  Plaintiffs must assert that they were both permanently domiciled in a state other than California on

25  April 12, 2012.

26         There is compelling evidence tending to indicate that both Plaintiffs, and at least

27  _____

28  [2] California Civ Pro § 410.10, which the FAC cites as a possible source of jurisdiction, applies
only to California state courts.

Ms. Smith, are domiciled in California, or at least were in April 2012.  In March 2010, both

Plaintiffs asserted California residency in litigation before this district.  Case No. 4:10-cv-0996,

ECF. No. 1, ¶1.[3]  In that litigation, Plaintiffs filed a change of address with the Court in December

2011 claiming a Sebastapol, California mailing address.  Id. at ECF No. 52.  As late as August 6,

2012, Plaintiffs sent submissions to this Court in envelopes which bore the Sebastapol address as

the return address.  ECF No. 11-1.  Plaintiffs kept that Sebastapol address on file with this Court

until November 2012, and they changed it after receiving this Court's order pointing to the

discrepancy between the filed address and their asserted Oregon citizenship.   ECF No. 22.

Finally, Breakthrough has filed a declaration with the Court indicating that the address both

Plaintiffs now have on file with the Court appears to be an administrative building at Reed

College, and that the "MS" designation in the address indicates that it is a mailbox belonging to a

student.  Declaration of Stacy Y. North in Support of Motion to Dismiss Plaintiffs' First Amended

Complaint, ECF No. 31-1.  Ms. Smith has not alleged that she is a student at Reed College.

　　　　This evidence is even more damaging to Plaintiffs' invocation of diversity jurisdiction than

Breakthrough suggests in its motion.  Under the rule of Grupo Dataflux, complete diversity must

exist at the time of filing, and cannot be cured by any post-filing change in a party's citizenship.

Even if both Plaintiffs did permanently relocate to Oregon sometime after April 12, 2012, the case

must still be dismissed if they were California residents at the time the complaint was filed.  In

their change of address notice, Plaintiffs state that "as of October 1, 2012, mail is no longer

received for them" at their Sebastapol address.  ECF No. 22.  This indicates that any move to

Oregon came many months after filing.

　　　　In their opposition to the motion to dismiss, Plaintiffs notably do not take the opportunity

to assure the Court that they both make their permanent domicile in the State of Oregon, and they

make no attempt to refute the evidence presented by Breakthrough.  Memorandum of Law in

---

[3] The Court *sua sponte* takes judicial notice of this and other facts in this paragraph since they are not subject to reasonable dispute and can be accurately and readily determined from consulting the Court's records.  Fed. R. Evid. 201(b)(2) & 201(c)(1).  See also United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases"); Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967) ("a federal district court can take judicial notice of its own records").

Opposition to Motion to Dismiss ("Opp."), ECF No. 36.  Instead, they argue that because "this Court already conducted an evidentiary hearing on the issue of jurisdiction, raised *sua sponte* and resolved in Plaintiff's favor," Breakthrough is estopped from raising the issue again.  Id. at 2:18-21.  The Court held no such hearing and issued no order resolving the issue of jurisdiction in Plaintiffs' favor.  In any case, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)).

Plaintiffs argue that this Court must "accept as true the factual allegations in the complaint" if it does not hold an evidentiary hearing.  McLachlan v. Bell, 261 F.3d 908, 909 (9th Cir. 2001).  Breakthrough does not address this point in its reply brief.  However, at least one court in this district has declined to read MacLachlan as requiring district courts always to hold an evidentiary hearing before concluding that one party has successfully refuted another's invocation of jurisdiction.  Robertson v. Qadri, 2008 WL 818529, at *4, n.4 (N.D. Cal. Mar. 25, 2008) aff'd, 399 F. App'x 219 (9th Cir. 2010) (unpublished).

In this situation, the Court similarly concludes that no evidentiary hearing is required.  The Court does not view Plaintiffs' *ipse dixit* assertion that they "are citizens of the State of Oregon" as the sort of "factual allegation" whose truth must be assumed in the absence of an evidentiary hearing.  Rather, this assertion is closer akin to a "legal conclusion couched as a factual allegation," which a court is "not bound to accept as true" on a motion to dismiss.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  If merely asserting state citizenship counted as a "factual allegation" under MacLachlan, courts would be required to hold an evidentiary hearing before ever considering whether one party had properly disputed the other's invocation of diversity jurisdiction.  It is doubtful that this was MacLachlan's intended effect.  Such a reading would substantially upend the well-established principle that the party invoking jurisdiction bears the burden of proving it, as well as the rule that "no presumptive truthfulness applies to plaintiff's allegations" when a court inquiries into subject-matter jurisdiction.  Augustine, 704 F.2d at 1077.  Therefore, the Court assumes the truth of all legitimately factual allegations in the FAC but does not consider itself bound to assume the truth of Plaintiff's unadorned assertion of Oregon citizenship in the face of substantial evidence to the

6

1  contrary.

2      On this basis, the Court concludes that Plaintiffs have failed to meet their burden of

3  establishing subject-matter jurisdiction.  Without jurisdiction to hear the case, the Court cannot

4  proceed to consider Breakthrough's other arguments in support of dismissal.

5  **IV.   CONCLUSION**

6      Since Plaintiffs have failed to meet their burden of asserting subject-matter jurisdiction, the

7  Complaint is hereby DISMISSED pursuant to Federal Rule of Civil Procedure 12(h)(3).  Since the

8  Complaint has not heretofore been dismissed on this ground, and since the standard for dismissing

9  *pro se* complaints is very liberal, dismissal is WITHOUT PREJUDICE.  Rather than giving

10  Plaintiffs leave to file a further amended complaint, this Court will instead give Plaintiffs a final

11  opportunity to satisfy their burden of demonstrating that this Court has jurisdiction to hear their

12  claims.

13      Plaintiffs are ordered a second time to file with the Court an affidavit, taken under oath, in

14  which Plaintiffs attest to both of their permanent domiciles at the time they filed this action: April

15  12, 2012.  The affidavit also must satisfactorily address and refute the evidence discussed above

16  which indicates that they were domiciled in California at that time.  Plaintiffs should also take the

17  opportunity to submit any admissible evidence within their possession which demonstrates that

18  their permanent domicile in April was in a state other than California, and refutes the evidence

19  cited above which tends to indicate that both Plaintiffs very likely do not both make their

20  permanent domicile at the address they have filed with the Court.  If the Court does not receive

21  such a submission within fourteen days, or if the Court deems this evidence insufficient to

22  establish Plaintiffs' non-California citizenship, it will dismiss this case with prejudice.  The Court

23  trusts that it need not remind Plaintiffs that it is a serious crime to testify falsely under oath or to

24  perpetrate a fraud upon a federal court.

25      **IT IS SO ORDERED**.

26  Dated: April 29, 2013

27



28  _____
JON S. TIGAR
United States District Judge

7