UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WALKER SMITH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BREAKTHROUGH INTERNATIONAL, et al., <br><br> Defendants. | Case No. 12-cv-01832-WHO <br><br> **ORDER DISMISSING ACTION WITH PREJUDICE** |

## INTRODUCTION

On April 29, 2013, the Court dismissed plaintiffs Gwendolyn Smith's and Zeus Harrison Smith's First Amended Complaint for lack of diversity jurisdiction. Rather than giving the plaintiffs leave to file a further amended complaint, the Court ordered the plaintiffs to submit affidavits and provide evidence establishing their permanent domicile in Oregon at the time this action was initiated, sufficient for the Court to exercise diversity jurisdiction over this action. The plaintiffs have failed to do so and this action is DISMISSED WITH PREJUDICE.

## LEGAL STANDARD

Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . . citizens of different States." 28 U.S.C. § 1332(a). This statute requires "complete diversity of citizenship," such that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*.

"In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Carijano v. Occidental Petroleum Corp.*, 686 F.3d 1027, 1032 (9th Cir. 2012) (citation omitted). In such circumstances, "[n]o presumptive truthfulness attaches to

plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publishing Co. v. General Telephone Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citation omitted). Without satisfying itself that it has subject matter jurisdiction, a court may not proceed to the merits of the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("[t]he requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (citation omitted). The plaintiff has the burden of establishing subject-matter jurisdiction. *Thornhill Publishing Co*, 594 F.2d at 733.

## BACKGROUND

On April 12, 2012, Gwendolyn Smith and her son, Zeus Harrison Smith, filed a complaint against defendants Howard Elan, Reverend Oracle, and Breakthrough, alleging violations of the United States and California constitutions, the federal Electronic Communications and Privacy Act ("ECPA"), and raising several state tort causes of action. Dkt. No. 1. The Court granted Gwendolyn Smith's application to proceed *in forma pauperis*, but dismissed the Complaint without prejudice under the screening procedures in 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 12. The Court held that the Complaint failed to state any claim against Breakthrough, that plaintiffs' ECPA claim was time-barred, and that the Complaint failed to invoke the Court's subject matter jurisdiction in the absence of the ECPA claim. The Court granted plaintiffs leave to file an amended complaint, but noted that the plaintiffs asserted Oregon citizenship while at the same time listing a Sebastopol, California address on the Court's electronic case filing system. *Id*. The Court ordered the plaintiffs "to submit an affidavit, under oath, attesting to their true residency," in any amended complaint. *Id*.

In October 2012, the plaintiffs filed a First Amended Complaint. Dkt. No. 16 ("FAC"). The plaintiffs did not file the affidavit that the Court ordered them to file, but they alleged that they are both residents and citizens of Oregon. *Id.* ¶ 1. In November 2012, the plaintiffs filed a Notice of Change of Address, stating that "as of October 10, 2012," they were no longer receiving mail at their Sebastopol address, and submitted a new address in Portland, Oregon. Dkt. No. 22.

On April 29, 2013, the Court dismissed the FAC for lack of subject matter jurisdiction.

The Court explained that there was "compelling evidence tending to indicate that both Plaintiffs, and at least Ms. Smith, are domiciled in California, or at least were in April 2012," the date the action was filed. Dkt. No. 47 at 5. Consequently, it appeared that diversity was lacking.

The Court listed the following evidence tending to show that the plaintiffs were domiciled in California in April 2012:

- In March 2010, both the plaintiffs asserted California residency in a different lawsuit before this Court. Case No. 10-cv-0996, Dkt. No. 1 ¶ 1.

- In that litigation, the plaintiffs filed a change of address with the Court on December 6, 2011 claiming an address at 138 Weeks Way, Sebastopol, California. *Id.* at Dkt. No. 52.

- As late as August 6, 2012, the plaintiffs sent submissions to the Court in the present action in envelopes bearing the Sebastopol address as the return address. Dkt. No. 11-1.

- In November 2012, after receiving the Court's order pointing to the discrepancy between the filed address and their asserted Oregon citizenship, the plaintiffs filed a Notice of Change of Address, advising that "as of October 1, 2012, mail is no longer received for them" at the Sebastopol address. Dkt. No. 22.

- The address the plaintiffs placed on file with the Court in November 2012—3203 S.E. Woodstock Blvd. MS 1139, Portland, Oregon—was an administrative building at Reed College. The "MS" designation in the address indicated that it was a mailbox belonging to a student. Gwendolyn Smith has not alleged that she is a student at Reed College.

Given the Court's uncertain jurisdiction over this matter, rather than giving the plaintiffs leave to file a further amended complaint, the Court ordered the plaintiffs to "file with the Court an affidavit, taken under oath, in which Plaintiffs attest to both of their permanent domiciles at the time they filed this action: April 12, 2012." Dkt. No. 47 at 7. The Court ordered that:

> The affidavit also must satisfactorily address and refute the evidence discussed above which indicates that they were domiciled in California at that time. Plaintiffs should also take the opportunity to submit any admissible evidence within their possession which demonstrates that their permanent domicile in April was in a state other than California, and refutes the evidence cited above which tends to indicate that both Plaintiffs very likely do not both make their permanent domicile at the address they have filed with the Court. *If the Court does not receive such a submission within fourteen days, or if the Court deems this evidence insufficient to establish Plaintiffs' non-California citizenship, it will dismiss this case with prejudice.*

*Id.* (emphasis added).

3

1	On May 13, 2013, 12 days after the 14 day deadline to respond, the plaintiffs filed
2	declarations purporting to attest to their citizenship in Oregon on April 12, 2012. Dkt. No. 49.
3	Gwendolyn Smith testifies that she was not "domiciled" in Sebastopol or elsewhere in California
4	at any point in 2012. Dkt. No. 49 p. 2 ¶ 11. She testifies that "In April, 2010, I decided to move
5	my family to Oregon, taking the following steps to facilitate becoming permanent Oregon
6	residents: in May, 2010, I registered for the Oregon bar examination; in September 2010 I moved
7	myself, my family and all of our possessions to Oregon, with the intent to remain there
8	indefinitely. *Id.* ¶ 4. She concedes that she "did spend several months of 2011 in California, but
9	at no time with any intent to remain; our entire household possessions remained in Oregon." *Id.* ¶
10	5. The declaration states that "[t]hree months before filing the instant suit, in January, 2012, I
11	physically returned to Oregon along with my family, staying with an acquaintance while looking
12	for work and housing." *Id*. ¶ 6. She further testifies "In March, 2012, my son and I travelled to
13	Southern California for pending litigation. For the next several months my son and I stayed in
14	Portland, Oregon, where I continued to look for permanent work and housing, and in the greater
15	Los Angeles area, where I continued to appear in contested litigation." *Id.* ¶ 7.

16	Presumably to explain why her Sebastopol address was still on file with the Court until
17	October 2012, Gwendolyn Smith testifies that "I asked a friend of the family from Sebastopol,
18	whom I trusted to open and report the contents of sensitive mail, to collect my mail." *Id*. The
19	plaintiffs submitted the declaration of Devorah Plum who states that she received mail for the
20	plaintiffs at her Sebastopol "business address" for the first ten months of 2012. Dkt. No. 50.

21	Zeus Smith's declaration likewise states that he moved to Oregon in September 2010. *Id*.
22	p. 4 ¶ 2. He testifies that he was accepted at Reed College in Portland in December 2011 and
23	"decided to remain an Oregon citizen." Zeus Smith also testifies that "[u]p until September 2012,
24	I lived with my mother exclusively while traveling and staying with acquaintances until we
25	permanently returned to Oregon." *Id*. ¶ 4.

26	On July 6, 2013, mail from the Court sent to the plaintiffs' supposed address at Reed

4

College was returned as undeliverable.[1] Dkt. No. 51. On August 15, 2013, the plaintiffs filed a Notice of Change of Address with the Court, listing their address as a post office box in Portland, Oregon. Dkt. No. 53.

**DISCUSSION**

The plaintiffs' untimely declarations do not satisfy the Court's Order.[2] The plaintiffs do not explain why they affirmatively advised the Court that their address was in Sebastopol in December 2011, more than a year after they supposedly moved to Oregon "with the intent to remain there indefinitely." Dkt. No. 49 at 2. More crucially, the plaintiffs have not explained why they were still receiving mail in Sebastopol until October 2012, six months after the Complaint was filed, if they had moved to Oregon intending to remain there. Nor do they explain why the Court received mail *from* the plaintiffs from the Sebastopol address as late as August 2012, four months after this action was commenced. Plaintiffs concede that they lived in California for several months in both 2011 and 2012. Despite the Court's direction that "Plaintiffs should also take the opportunity to submit any admissible evidence which demonstrates that their permanent domicile in April [2012] was in a state other than California," plaintiffs did not submit *any* documentary or other evidence, aside from their own declarations, to corroborate their assertion that their permanent domicile in April 2012 was in a state other than California. In light of the evidence to the contrary, and the plaintiffs' failure to provide supporting evidence despite prior warnings from the Court that their case would be dismissed without it, the Court finds that plaintiffs' assertions that they were domiciled in Oregon as of April 12, 2012 are not plausible.

The fundamental conclusion of Ms. Smith's declaration, that she was a citizen of Oregon in April, 2012, is not credible. Her declaration confirms that the plaintiffs did not actually reside

---

[1] The Court specifically advised the plaintiffs to "make sure their address on the docket is current" at a case management conference on December 21, 2012. Dkt. No. 24.

[2] Plaintiffs repeat their argument that the Court previously held an "evidentiary hearing" resolving the issue of their citizenship and determining that jurisdiction was proper. Plaintiffs are wrong. The Court previously explained that "The Court held no such hearing and issued no order resolving the issue of jurisdiction in Plaintiffs' favor. In any case, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Dkt. No. 47 at 6 (citation omitted).

at their supposed Oregon address, the administrative building at Reed College, in April 2012.[3] She testifies that, around that time, "my son and I stayed in Portland, Oregon, *where I continued to look for permanent work and housing*, and in the greater Los Angeles area, where I continued to appear in contested litigation." Dkt. No. 49 p. 2 ¶ 8 (emphasis added).  If that is true, it reinforces that she had not established a "permanent home" in Oregon at that time.  At most, the declaration indicates that at the time the Complaint was filed, the plaintiffs were hoping to move from California and looking for permanent housing in Oregon, which is insufficient to establish citizenship in Oregon. *See, e.g., Kanter*, 265 F.3d at 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return . . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.") (citation omitted).

        Zeus Harrison Smith provides a plausible reason for intending to be a citizen of Oregon as of the date he was accepted at Reed College, but no evidence of actually living in Oregon on or before April 12, 2012, other than the evidence previously described.  But even if the Court assumes his citizenship in Oregon, which he has not sufficiently established, Gwendolyn Smith's California citizenship would prevent subject matter jurisdiction.  28 U.S.C. Section 1332(a) requires "complete diversity of citizenship," such that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc.*, 519 U.S. at 68.

        Plaintiffs may currently be residents of Oregon despite not having a permanent residence. But just having a post office box in Portland today would not be not sufficient proof of domicile. *See*, *e.g., Rasidescu v. Univ. of Minn.*, 2005 WL 1593042 (D. Minn. July 1, 2005) ("General allegations of residence, such as listing a post office box, however, are insufficient to establish citizenship) *aff'd sub nom. Rasidescu v. Univ. of Minnesota*, 190 F. App'x 524 (8th Cir. 2006); *Hoover v. Gershman Inv. Corp.*, 774 F. Supp. 60, 63 (D. Mass. 1991) (plaintiff was not domiciled in Massachusetts for purposes of establishing diversity jurisdiction where "[a]ll plaintiff has

---

[3] Zeus Smith's declaration states that he was accepted at Reed College in December 2011, not that he commenced classes then.  Since he also says that he traveled with his mother until September 2012, Reed College was assuredly not the Smiths' residence in April 2012.  Neither plaintiff avers an Oregon address when this suit was filed.

6

1 provided is a Boston post office box number, and his own sworn affidavit that he moved to
2 Massachusetts in 1989 and is currently a resident of Massachusetts"). And domicile, of course, is
3 measured at the time the Complaint is filed. The Court lacks a basis to exercise diversity
4 jurisdiction in this case.

## CONCLUSION

For the reasons stated above, the plaintiffs have not carried their burden of proving that they were citizens of Oregon in April 2012 such that the Court can exercise diversity jurisdiction over this matter. Accordingly, the action is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: September 3, 2013



WILLIAM H. ORRICK
United States District Judge