UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GWENDOLYN WALKER SMITH, et al.,

    Plaintiffs,

v.

BREAKTHROUGH INTERNATIONAL, et al.,

    Defendants.

Case No. 12-cv-01832-WHO

**ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT PER FRCP 59(e).**

Re: Dkt. No. 54, Dkt. No. 58

# INTRODUCTION

Plaintiffs Gwendolyn Smith and Zeus Harrison Smith have filed a motion under Federal Rule of Civil Procedure 59(e) to alter or amend[1] the Court's September 3, 2013 order dismissing the action with prejudice. Dkt. No. 55. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing scheduled for November 27, 2013. The Court DENIES AS MOOT the plaintiffs' motion to continue the hearing date. Dkt. No. 58. For the reasons stated below, the plaintiffs' motion to alter or amend the Court's September 3, 2013 order is DENIED.

# DISCUSSION

On April 29, 2013, the Court dismissed this action without prejudice for lack of diversity jurisdiction. The Court offered the plaintiffs the opportunity to rebut the "compelling evidence tending to indicate that both Plaintiffs, and at least Ms. Smith, are domiciled in California, or at

---

[1] Rule 59(e) motions are commonly known as motions for reconsideration.

1    least were in April 2012, the date the action was filed." Dkt. No. 47 at 4-5.  The declarations
2    offered by the plaintiffs in response to the Court's order did not rebut the evidence, and the Court
3    dismissed the matter with prejudice on September 3, 2013.  Dkt. No. 54.
4        The plaintiffs have moved the Court to alter or amend its order and to vacate the judgment
5    dismissing their complaint, asserting that "the Court committed several errors of law that warrant
6    correction."  Dkt. No. 55 at 1.
7        It is appropriate to alter or amend a judgment under Rule 59(e) "if (1) the district court is
8    presented with newly discovered evidence, (2) the district court committed clear error or made an
9    initial decision that was manifestly unjust, or (3) there is an intervening change in controlling
10   law."  *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009)
11   (quotation omitted).  None of those factors is present here.
12       First, the plaintiffs assert that "the Court mistakenly conflated Plaintiffs' temporary
13   residence at the time the complaint was filed with that of Plaintiffs' permanent domicile."  But the
14   Court explicitly distinguished between residence and domicile and found "that plaintiffs'
15   assertions that they were domiciled in Oregon as of April 12, 2012 are not plausible."  Dkt. No. 54
16   at 5:19-20.
17       Second, the plaintiffs assert that "the Court mistakenly decreed that Plaintiffs' timely
18   affidavits attesting to their state of citizenship were untimely filed."  However, the Court
19   considered the declarations submitted by the plaintiffs in detail, including the untimely Blum
20   Declaration, and explained why they were substantively inadequate to establish the plaintiffs'
21   domicile in Oregon.
22       Third, the plaintiffs assert that "the Court mistakenly weighted Plaintiffs' declaration of
23   California state citizenship in a complaint filed two full years before the complaint at issue in its
24   determination of Plaintiffs' domicile at the time the instant complaint was filed two years later."
25   Contrary to the plaintiffs' assertion, the plaintiffs' 2010 declaration was not dispositive of the
26   Court's determination, it was but one of various factors the Court considered.  The plaintiffs failed
27   to establish that their domicile had shifted to Oregon in the time since the 2010 declaration.
28       Fourth, the plaintiffs assert that "the Court erred in its failure to consider the entire

1 contents of a supporting affidavit regarding Plaintiff's citizenship." The Court reviewed the
2 declaration in question, but found that it did not establish the plaintiffs' domicile in Oregon. The
3 plaintiffs' disagreement with the Court's determination of the facts is not a legal error, nor
4 otherwise grounds for reconsideration.

5     Finally, the plaintiffs assert that "the Court incorrectly assumed that Plaintiff Gwendolyn
6 Smith, receiving mail there, had a duty to allege student status at Reed College in Portland,
7 Oregon, without which allegation, *inter alia*, diversity was presumably destroyed." As described
8 in its order, the Court considered various factors in concluding that Ms. Smith had not carried her
9 burden of proving domicile in Oregon, but the Court did not assume that Ms. Smith "had a duty to
10 allege student status at Reed College."

11     As none of the Rule 59(e) factors warranting reconsideration of the Court's order are
12 present here, the plaintiffs' motion is DENIED.

## CONCLUSION

The plaintiffs' motion to alter or amend the Court's September 3, 2013 order is DENIED.

**IT IS SO ORDERED**.

Dated: November 15, 2013



WILLIAM H. ORRICK
United States District Judge

3